11 ARMSTRONG, J.,
dissents in part and concurs in part.
I respectfully dissent in part and concur in part.
Based upon the record, it is apparent that the trial court conducted thorough proceedings and carefully considered the issues, law and evidence in this closely-contested case.
Although the trial court selected a well-qualified and well-respected person to act as trustee, it appears that, under the circumstances present in this case, it would be difficult for one person to serve as co-trustee of both the appellants’ trusts and the appellees’ trusts. Accordingly, I dissent with respect to the appointment of a single person as the third co-trustee of both families’ trusts.
The Cafferies do not argue that Mr. Anzelmo is, in himself, unsuitable to act as co-trustee. Rather, they argue that no person can both serve as the third tie-breaking co-trustee of the Whealdons’ trusts and serve in the same position with respect to the Cafferies’ trusts because the Whealdons’ interests and the Cafferies’ interests are adverse.
A trustee is a fiduciary. La. R.S. 9:1781. A trustee is under a duty to the trust beneficiary to care for the trust property. La. R.S. 9:2091. The trustee is required to administer the trust solely in the interest of the beneficiary. La. R.S. 9:2082.
|Jn the present case, the interests of the Whealdons and the Cafferies, the beneficiaries of the trusts, are adverse. In particular, they are in litigation over the control of Valentine Sugar, Inc. The trust property of the trusts is stock in Valentine. It would be difficult for one person to serve as the tie-breaking third co-trustee for the "Whealdons’ trusts, with the fiduciary duty to act in the best interest of the WTiealdons, and simultaneously serve in the same position with respect to the Caf-feries trusts with the fiduciary duty to act in the best interest of the Cafferies’. Fiduciary duty requires unswerving loyalty in accordance with law to the beneficiary. As the interests of the Wfiiealdons and the Cafferies are adverse, it would be difficult to serve both families’ interest at the same time. While I see no problem with Mr. Anzelmo continuing to serve as co-trustee of the Whealdons’ trust, it appears that some other person should be appointed to serve as the third co-trustee of the Caffer-ies’ trusts.
I concur in the portion of the majority decision that the trial court was correct in holding that the Caffries’ request to terminate the trusts is premature.